IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATHERINE PUFFER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 04 C 5764 |
| | ) | |
| v. | ) | Magistrate Judge Schenkier |
| | ) | |
| ALLSTATE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S MEMORANDUM
ON THE ISSUE OF NOTICE OF THE DENIAL OF CLASS CERTIFICATION AND
FURTHER TOLLING OF THE STATUTE OF LIMITATIONS**

I.  INTRODUCTION

The Court requested briefing on the following issues in light of its January 20, 2009 denial of class certification and in response to plaintiff's "Emergency Motion to Stay Order Denying Certification": (1) whether the Court should order that notice be given of the Court's denial of class certification to members of the putative class; and (2) whether the Court should enter any order regarding further tolling of the statute of limitations beyond what already has occurred as a result of the commencement of this action. As explained below, Allstate believes that neither order is necessary or appropriate.

In overview, as to the first issue, no good reason exists for notifying putative class members of the denial of class certification. *First*, as this case was never certified as a class action, it falls outside the scope of Rule 23's mandatory notice provisions. *Second*, nothing has occurred during the course of the litigation that suggests this Court should, within its discretion, order any notice. There is no evidence from which this Court may infer that putative class members delayed filing claims in reliance on Ms. Puffer's assertion of a putative class action.

The case received no media coverage, and the communications former putative class members received about the case were insufficient to induce anyone to forego filing her own claim and rely on this proceeding to vindicate her rights.

As to the second issue, neither case law nor the evidence in this case provides justification for tolling the statute of limitations for absent former putative class members beyond what has occurred already. Tolling a statute of limitations is an equitable remedy. In denying the motion for class certification, this Court held that plaintiff failed to meet her burden of showing that her claims were typical of and common to those of the putative class. The Court pointed to the forty-nine declarations plaintiff presented in this case as evidence that the circumstances surrounding each putative class member's employment were unique. Where, as here, the Court has already found that the circumstances of each putative class member differ one to the next, application of a blanket tolling rule would quite likely produce inequitable and unjustified results in individual situations. Instead, any tolling of limitation periods should be examined and decided on a case-by-case basis by the appropriate court when and if claims by individual putative class members are brought.

## II. ARGUMENT

### A. Notice To Former Putative Class Members Is Not Required By Rule Or By The Circumstances Present Here.

#### 1. Rule 23 Does Not Require Notice Because This Proceeding Was Never Certified As A Class Action.

Rule 23(c)(2) of the Federal Rules of Civil Procedure provides that a court "may" provide notice *upon certification* of 23(b)(1) and (2) classes, and that it "must" direct notice to a certified 23(b)(3) class. While Rule 23(d) gives the court discretion to conduct the action and issue appropriate notices to protect "class members," it does not require notice to putative class members upon denial of certification.

Rule 23(e) also is not applicable here, as it requires notice only in **certified class action cases** that have been **settled or voluntarily dismissed**. FED. R. CIV. P. 23(e). Rule 23(e) was expressly amended in 2003 to make clear that notice to class members is only required where a certified class action is voluntarily dismissed or settled:

> Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of a 'class action.' That language could be – and at times was – read to require court approval of settlements with putative class representatives that resolved only individual claims. The new rule requires approval only if the claims, issues, or defenses of a **certified class** are resolved by settlement, voluntary dismissal, and compromise.

2003 Advisory Committee Notes (emphasis added). To absent class members, pre-certification *dismissal* of a putative class action has the same practical consequence as *denial* of certification -- *i.e.,* absent class members who believe they have claims to assert must proceed on their own. Just as absent class members are not entitled to notice of dismissal of a non-certified action under Rule 23(e), notice of denial of class certification also is not required.

In her Emergency Motion, plaintiff cites *Culver v. City of Milwaukee*, 277 F.3d 908, 913-14 (7th Cir. 2002) in support of a request for notice. *Culver* was decided **before** the 2003 change to Rule 23(e), and does not support providing notice in the instant case. Unlike the instant, non-certified case, in *Culver*, a class was certified, and then several years later, decertified. *See Culver*, 277 F.3d at 913-14. Thus, class members in *Culver* were, for a time, entitled to rely on that action to protect their rights. Likewise, *Radmanovich v. Combined Ins. Co. of Am.*, 271 F. Supp. 2d 1075 (N.D. Ill. 2003), in which Judge Alesia of this district ordered notice upon denying class certification, does not support a notice requirement here. *First, Radmanovich* was decided prior to the December 2003 amendment to Rule 23(e) and specifically relied in part on prior Seventh Circuit court rulings requiring Rule 23(e) notices even for pre-certification

3

dismissals. *Second,* and of equal importance, *Radmanovich* relied on that part of the *Culver* decision which held that notice was required upon decertifying a class because a number of the putative class members, including the plaintiff's affiants, potentially relied on the class action in not filing their own claims. As explained below (*see infra* at pp 4-8), similar reliance did not occur here.

> 2. **Equitable Principles Do Not Require Class-Wide Notice Because, To Allstate's Knowledge, No Putative Class Member Received A Communication Sufficient to Induce Reasonable Reliance.**

Plaintiff also suggests in her Emergency Motion that former putative class members should be notified of the denial of class certification so that those who believed their rights would be vindicated through this action will not be prejudiced. Plaintiff's position presumes, first, that there is a group of people who so believe and, second, that their belief is reasonably held. *E.g., Griffith v. Javitch, Block & Rathbone, LLP,* 241 F.R.D. 600, 602 (S.D. Ohio 2007) (considering whether there was "existence of any reasonable reliance interest by the absent putative class members"). There is no basis in the record to conclude that either condition exists.

Plaintiff never divulged how many former putative class members she has communicated with, but irrespective of that number, none of the putative class members received formal or informal notice from this Court that this litigation would protect or vindicate their rights. *See, e.g., Fuller v. Instinet, Inc.,* No. 99 Civ. 11453 (BSJ), 2004 WL 3699810[1] (S.D.N.Y. Jan. 29, 2004) (notice of denial of class certification not required where prospective class members did not receive any notification of class certification that would have induced them to rely on this action to protect their interests), *aff'd* 120 Fed. Appx. 845 (2nd Cir. 2004).

---

[1] *See* **Exhibit A** for copies of all electronically published cases cited herein.

Equally significant is the fact that none of the putative class members was ever told by this Court (or, to our knowledge, by the parties) that the statute of limitations on their claims was tolled as to their claims while this litigation was pending. While communications were made to various employees, as far as Allstate knows, none of those communications contained any language that could reasonably induce anyone to rely on this case to protect her rights.

Plaintiff points out that Allstate, in accordance with its legal duty, distributed litigation hold memoranda to putative class members who were members of Allstate's management instructing them to preserve documents and electronic information. However, these memoranda (attached as Exhibit B to the Emergency Motion) did nothing to inform putative class members that plaintiff's action sought to vindicate their rights. In explaining the nature of the litigation, Allstate stated only that the lawsuit "potentially" covers female managers. Allstate did not say *how* the case might cover female managers, nor did Allstate say *that* the case relieved females from pursuing their own claims. In addition, the memoranda stated that Allstate intended to defend "vigorously" against the class allegations. (*See* Exhibit B to Pltf's Emergency Motion.) If document retention memoranda such as these can be used to justify notice to a putative employment discrimination class after a motion to certify is denied, then the document retention requirements of the Federal Rules completely subsume Rule 23(e) and abrogate the Court's discretion. Nothing in the case law or the Federal rules suggests or supports such a result.

In addition, Allstate is aware that plaintiff's counsel communicated with putative class members for purposes of class discovery. In or around March-June 2007, plaintiff's counsel sent letters (**Exhibits B and C**) to putative class members advising them of the existence of this case and inviting them to view a web site. (**Exhibit D**.) These letters stated only that plaintiff's counsel was "presently investigating these claims," and that "[o]ur hope is that, with your help,

5

our judge will certify a nationwide class of women...." (**Exhibits B-C**.) The web site, in turn, merely advised that the lawsuit "seeks class action status." (**Exhibit D**.) Again, nothing in these communications gave putative class members reason to sit on their rights.

Additionally, there has been no publicity about this litigation. Allstate is unaware of any television, radio, newspaper or magazine articles about this litigation. Various Google searches have not led us to any on-line articles about this litigation. Instead, we have found biographies of various attorneys in the litigation and of Ms. Puffer, copies of the Court's class denial order in one or two "hits," discussions of other Allstate litigation, and thousands of irrelevant articles. We found no articles from which putative class members could reasonably conclude that they should rely on this litigation and not pursue whatever claims they believe they personally have.[2] *See, e.g., Griffith*, 241 F.R.D. at 602 (noting the paucity of results in a similar internet search as one reason for denying notice).

Moreover, the forty-nine declarations from current and former putative class members who provided declarations on behalf of plaintiff also provide no indication that putative class members were sitting on their rights because of the litigation.[3] As this Court recognized, many of plaintiff's declarants admit they were aware of alleged disparate treatment as long ago as the 1980s, years prior to Ms. Puffer's lawsuit. (January 20, 2009 Order at 26, n. 15.) Clearly, these

---

[2] We searched the Google data base using search terms such as: Puffer v. Allstate, Katherine Puffer, Allstate and discrimination, Allstate and Puffer and Discrimination, and Allstate class action. Although there are many thousand of hits, and we did not follow every link, review of dozens of hits under each search term, including a follow-up of many links, has not revealed anything which would indicate that this case has generated any significant publicity from third parties.

[3] As plaintiff noted, Allstate orally communicated with some members of the former putative class for purposes of class discovery. Plaintiff is aware of a number of these individuals by virtue of the declarations Allstate filed in opposition to class certification. Those employees who provided declarations swore under penalty of perjury that they have never experienced or witnessed discrimination, thus removing them from the former putative class. Consequently, Court notice to these individuals is not necessary.

declarants were not waiting on this action. Indeed, there is evidence that putative class members are not sitting on their rights if they believe they were treated unfairly. One declarant for the plaintiff, Theresa Rockwell, filed her own charge of discrimination during the pendency of Ms. Puffer's lawsuit. (**Exhibit E.**)[4]

Finally, Allstate has not taken any action since the issuance of the Court's order denying class certification that would justify additional notice from this Court. Allstate has issued no public statement of any kind on the decision. Further, the information that Allstate has distributed internally to putative class members about the Court's denial of class certification has been directed only to those putative class members who were offered as 30(b)(6) witnesses or who are members of senior management with a need to know of the progress of the litigation.

Given the factual record outlined above, there is no rationale for this Court to provide notice. The only purpose in this context of sending out notice would be to solicit litigation against Allstate, something that is not the province of Rule 23 or this Court. *See First Interstate Bank of Nevada, N.A. v. Chapman & Cutler*, No. 83 C 8583, 1986 WL 10050 (N.D. Ill. Sept. 8, 1986) ("notice to the class is not a device by which to solicit claims"); *see also Marian Bank v. Electronic Payment Services, Inc.*, No. 95-614-SLR, 1999 WL 151872, *3 (D. Del. March 12, 1999) (not only does plaintiff have no evidence that former putative class members relied on the case, even if they did "it is their duty, not the court's, to keep apprised of the legal developments in plaintiff's case. The court has no obligation to awaken potential litigants from their lethargy.").

---

[4]  Notably, Ms. Rockwell's EEOC charge purports to assert class-wide allegations of unlawful gender discrimination and retaliation on behalf of all females at Allstate. (**Exhibit E.**)

7

**B. This Court Should Not Issue A Tolling Order Because The Class Action Tolling Doctrine Recognizes That Tolling Ends Upon Denial Of Class Certification, and The Equitable Tolling Doctrine Should Be Applied Only On an Individual Basis.**

The Court also should decline to issue any blanket orders further tolling the applicable statute of limitations, instead leaving such issues to whatever court confronts any individual claims that may or may not be filed by former putative class members.[5]

**1. A Tolling Order Finds No Support In The Class Action Tolling Doctrine, Which Recognizes That Tolling Ends Upon Denial Of Class Certification.**

The Supreme Court has considered the issue of tolling in the context of class actions on several occasions. *See, e.g., American Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 553-59 (1974). *See also Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345, 349-54 (1983). In *American Pipe*, the Supreme Court held that the class action "toll[ed] the running of the statute for all purported members of the class who ma[d]e timely motions to intervene." 414 U.S. at 553. In *Crown, Cork*, the Supreme Court extended *American Pipe*, holding that the filing of a class action tolls the statute of limitations not only for those who seek to intervene in the case upon denial of class certification, but also for those who commence separate actions.

While these cases make clear that the presence of class allegations may, in some cases, toll the time within which absent class members are required to assert individual claims, the authorities uniformly recognize that tolling ends "the moment class certification is denied," at which time the statute of limitations "resumes running." 1 Joseph M. McLaughlin, MCLAUGHLIN ON CLASS ACTIONS § 3:14 (3d ed. 2008). *See also Larson v. JPMorgan Chase &*

---

[5] In any event, the numbers of employees in the putative class who may have individual tolling issues is not large and does not warrant any kind of blanket order. Allstate's best estimate is that 65 putative class members terminated their employment at Allstate within 300 days before May 9, 2003, the date of the tolling agreement between Ms. Puffer and Allstate. Of those, only 12 were terminated 270-300 days prior to that date.

*Co.*, 530 F.3d 578, 582 (7th Cir. 2008) (holding that "the clock resumed ticking" on claims of absent individuals when court certified a class that did not include them); *Culver*, 277 F.3d at 914 (holding that "statute of limitations resumes running" for former putative class members once certification is denied); *Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 265 (7th Cir. 1998) (recognizing that "tolling ends as soon as the district court declines to certify the case as a class action, and the clock begins ticking with what may be very little time left").

        **2.**    **Similarly, The Doctrine Of Equitable Tolling Also Does Not Support Any Additional Blanket Tolling Relief As Application Of That Doctrine Is Determined On A Case-By-Case Basis.**

The Seventh Circuit has held that equitable tolling permits a plaintiff to file suit after the expiration of the applicable statute of limitations "if despite the exercise of all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Shropshear v. Corp. Counsel of the City of Chicago,* 275 F.3d 593, 595 (7th Cir. 2001). In other words, the doctrine allows the plaintiff to obtain an extension of the time for bringing suit if it would have been unreasonable in that particular case given all the relevant circumstances to expect her to bring suit earlier. *Id.* (citing *Hentosh v. Herman M. Finch University of Health Sciences, The Chicago Med. Sch.,* 167 F.3d 1170, 1174 (7th Cir. 1999); *Miller v. Runyon,* 77 F.3d 189, 191 (7th Cir. 1996)). Whether the doctrine applies is "fact specific," and thus must be determined on a case-by-case basis. *See, e.g., Powers v. Indiana Dept. of Educ., Dept. of Special Educ.,* 61 F.3d 552, 560 (7th Cir. 1995); *Dell v. Bd. of Educ., Township High School Dist. 113,* 32 F.3d 1053, 1062 (7th Cir. 1994).

The requisite individual analysis precludes any blanket order of additional tolling. As this Court has already found, the putative class members' claims are not common and are not typical of one another. (January 20, 2009 Order at 9, 29.) Given that fact and given the paucity

of information generally available about this action, this Court cannot now possibly determine whether additional equitable tolling is appropriate for every single putative class member. Equitable tolling will depend upon the unique facts and circumstances for each person who might bring a claim. The fact of the matter is that in this context, whether any individual plaintiff's awareness of this proceeding formed a basis for a claim of tolling will rely on the facts specific to that individual, *i.e.*, what that particular person knew or reasonably believed based on what she was told and what she heard.

Indeed, this very approach has been followed by another judge sitting in this judicial district. *See, e.g., Radmanovich*, 271 F. Supp. 2d at 1079. There, after granting plaintiff's request for notice in a dissimilar instance, (*see supra* at p. 4), Judge Alesia denied plaintiff's blanket request that the limitations period for filing individual suits be equitably tolled for putative class members:

> Radmanovich correctly points out that the Title VII statute of limitations can be subject to tolling. In fact, she concedes that the statute of limitations, for individual claims, resumes running upon the denial of class certification. [Citation omitted]. Additionally, Radmanovich acknowledges that it will be difficult to determine the appropriate limitations period for the absent class members. [Citation omitted]. In the court's June 26, 2003 memorandum opinion, the court noted the diversity between each absent individual's claims. [Citation omitted]. Therefore, whether a particular individual is entitled to a tolling of the statute of limitations should be made on a case-by-case basis if and when she files her own lawsuit.

271 F. Supp. 2d at 1079.[6]

---

[6] During the hearing, the Court asked the parties to research how other courts have dealt with the issue of further tolling the claims for absent class members upon the denial of class certification. (**Exhibit F**, 1/22/09 Hrg. Tr. at 9-10.) Aside from *Radmanovich*, which this Court already was aware of, Allstate was able to locate only one other decision expressly dealing with the issue in the context presented here (as opposed to, for example, a stay pending appeal under Rule 23(f)). *See In re Teflon Products Liability Litig.*, 254 F.R.D. 354, 371 (S.D. Iowa 2008). There, the district court, *sua sponte* and with no analysis, included in its order denying class certification language tolling "[a]ll statutes of limitations periods" for 90 days "to enable

y

To avoid inequitable tolling, this Court should adopt the approach taken by Judge Alesia in *Radmanovich*. As this Court has noted, there are putative class members who admitted to their awareness of claims for many years, yet did nothing. (January 20, 2009 Order at 21 n. 10, 26 n. 15.) There is no reasonable rationale for tolling the applicable limitations period for these putative class members.

Put simply, to the extent that putative class members are inclined to file individual suits given the denial of class certification, they are able to raise the issue of equitable tolling at that time. The determination of whether equitable tolling should apply will then be made based on an appropriate case-by-case analysis of that particular putative class member's circumstances and ability to show that, in her particular situation, such tolling is warranted.

Finally, at the hearing on plaintiff's Emergency Motion, plaintiff raised the Lilly Ledbetter Fair Pay Act, which was then under Senate debate, noting it "could radically change a lot of the discussion we're now having." (**Exhibit F**, 1/22/09 Hrg. Tr. 17.) Allstate disagrees. While the application of this statute as to any future plaintiff can be left to another day, plaintiff's anticipated position that under this new statute, each new paycheck issued to a putative class member may restart the Title VII limitations period for alleged discriminatory compensation moots plaintiff's major rationale for tolling any applicable limitations period here. Thus, far from changing the result Allstate advocates here, the Act merely reaffirms Allstate's position that this Court should decline to issue any blanket tolling order.

### III. CONCLUSION

For the foregoing reasons, Allstate Insurance Company requests that the Court (a) determine that Court notice of denial of class certification need not issue to putative class

---

individuals or estates of individuals meeting the criteria in plaintiffs' proposed class definitions to file separate complaints in the appropriate federal or state district court." *Id.*

members; and (b) decline to issue an Order to further toll the statute of limitations for putative class members' individual claims.

Dated: February 4, 2009

       /s/ Anneliese Wermuth
For Defendant Allstate Insurance Company

Richard C. Godfrey P.C.
Sallie G. Smylie, P.C.
Donna M. Welch, P.C.
KIRKLAND & ELLIS, LLP
200 East Randolph
Chicago, Illinois 60601
(312) 861-2000
Fax: (312) 861-2200

Paul R. Garry
Brian W. Bulger
Anneliese Wermuth
MECKLER BULGER TILSON
MARICK & PEARSON LLP
123 North Wacker Drive
Suite 1800
Chicago, Illinois 60606
(312) 474-7900
Fax: (312) 474-7879

*Attorneys for Defendant Allstate Insurance Company*

O:\6260\PLEADING\MemorandumReNoticeAndTolling Final.doc

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on February 4, 2009, a copy of **Defendant Allstate Insurance Company's Memorandum on the Issue of Notice of the Denial of Class Certification and Further tolling of the Statute of Limitations** was filed electronically with the Clerk of the Court using the CM/ECF system. The parties may access this filing through the Court's electronic filing system, and notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

> Mary Stowell
> Linda Friedman
> Stowell & Friedman, Ltd.
> 321 South Plymouth Court, Ste. 1400
> Chicago, IL 60604
>
> Paul W. Mollica
> Shona B. Glink
> Meites, Mulder, Burger & Mollica
> 208 South LaSalle Street, Ste. 1410
> Chicago, IL 60604



/s/Anneliese Wermuth
Anneliese Wermuth